# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTINA MICHELLE MELTON, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:16-CV-00189-O-BL |
| NANCY A. BERRYHILL*, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Christina Michelle Melton seeks judicial review of the decision of the Commissioner of Social Security, who denied her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the Commissioner's decision be affirmed and this case dismissed.

## I. STATEMENT OF THE CASE

Melton filed applications for DIB on July 25, 2012 and SSI on December 15, 2012, alleging impairments that were disabling as of August 12, 2007. Those applications were denied initially on November 19, 2012, and again after reconsideration on January 30, 2013. Melton requested a hearing, which was held before an administrative law judge (ALJ) on August 5, 2014. The ALJ issued a decision on September 5, 2014 finding the claimant not disabled.

---

* On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

Specifically, the ALJ established during step one that the claimant had not engaged in substantial gainful activity since the alleged onset date. (Doc. 12-3, 23). At step two, the ALJ determined Melton had the severe impairments of scoliosis of the lumbar spine, depression, anxiety, COPD, obesity, sinusitis, and gastroesophageal reflux disease. (Doc. 12-3, 23). In step three, the ALJ found that Melton did not meet or equal in combination an impairment listed in the appendix. (Doc. 12-3, 24). The step three analysis continued, with the ALJ ruling that Melton had the residual functional capacity to lift or carry up to ten pounds, to stand or walk for two hours and sit for six hours of an eight-hour day, to occasionally stoop, crouch, balance, and climb ramps or stairs, to understand, remember and follow simple instructions, to make simple decisions and maintain concentration and persistence to complete simple tasks, to accept instruction, and to respond appropriately to workplace changes but should be limited in contact with coworkers and the public. (Doc. 12-3, 25). At step four, the ALJ found Melton could not return to any past relevant work, and at step five determined there were sufficient jobs she could perform and found her not disabled. (Doc. 12-3, 28-29).

Melton applied to the Appeals council for review, which denied that review on January 14, 2016. Therefore, the ALJ's ruling is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.")

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, Melton was 34 years old and lived with her parents at the time of the administrative hearing.

She has completed two years of college and worked as an x-ray technician, waitress, and receptionist.

### III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir.

2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Melton raises two issues on appeal. She claims the ALJ's credibility determination is not supported by substantial evidence and that the ALJ improperly failed to assess her with a severe impairment due to somatic pain disorder.

### A. Credibility Determination

Melton first argues that the ALJ's credibility determination is not supported by substantial evidence.

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.

SSR 96-7p, 1996 WL 374186. "[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a

conclusion about the credibility of the individual's statements...." *Id.* But, "[a]n individual's statements about the intensity and persistence of pain or other symptoms ... may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.*

However, "not all pain is disabling" and "subjective evidence need not be credited over conflicting medical evidence." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Although "it is not sufficient for the adjudicator to make a single, conclusory statement" that the claimant's allegations have been considered, here the ALJ set out in several paragraphs "specific reasons for the finding on credibility, supported by the evidence in the case record, and [they are] sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186. In this case, the ALJ did so by indicating the specific pieces of evidence he considered in making the credibility determination, including noted improvement after surgery, the results of x-rays and strength tests, Melton's own reports of lessened pain after procedures and treatments, and the opinions of physicians that her symptoms were adequately managed by medication and other treatments. (Doc. 12-3, 26-27).

There is no "pervasive misstatement of the record" as Melton alleges, but rather a reasoned and clear explanation of the basis for the credibility determination. (Doc. 18, 8). The administrative record in this case extends to roughly two thousand pages. (Docs. 12; 13; 14). Melton attempts to prove a lack of substantial evidence by pointing to some of that evidence and arguing it contradicts the credibility determination, instead of showing that the determination is supported by nothing more than a scintilla of record evidence. This constitutes an impermissible request to reweigh the medical evidence and second-guess the decision of the Commissioner as to any conflicts in the

evidence. Melton has not shown that the ALJ's credibility determination is unsupported by substantial evidence or based on an incorrect legal standard.

## B. Somatic Pain Disorder

Melton also argues the ALJ's failure to classify her somatic pain disorder as a severe impairment is unsupported by substantial evidence. (Doc. 18, 11). "The basic feature of somatoform disorders is the presence of physical symptoms for which there are no demonstrable organic findings." *Latham v. Shalala*, 36 F.3d 482 (5th Cir. 1994) (citing 20 C.F.R. § 404.1520(e)). However, as the Commissioner notes, "Melton did not allege a somatic disorder in her application for disability ... nor did any of her treating physicians diagnose her with [a] somatic disorder." (Doc. 19, 10). Melton bears the burden of proving the existence and severity of the impairments she believes render her disabled, and cannot impose a duty on the ALJ to investigate whether her alleged symptoms were possibly the result of a somatoform disorder she had not alleged.

The ALJ did note that Dr. Greer, an agency consultative examiner, diagnosed this somatic disorder, but assigned his opinion limited weight. (Doc. 12-3, 27). While Melton argues that the ALJ ignored "the implications and impact of the somatic pain disorder diagnosis[,]" she does not argue Dr. Greer's opinion should have been given greater weight. She instead repeatedly emphasizes how a somatic disorder might cause pain beyond what is explained by physical causes. However, the relevant question is not whether a somatic disorder may be a plausible explanation of any discrepancy between Melton's subjective complaints and the more objective medical evidence, but rather whether Melton carries her burden of showing a decision she did not have a severe impairment as a result of this somatic disorder is unsupported by substantial evidence.

Melton appears to believe the diagnosis of the somatic disorder presumptively renders a claimant immune from an adverse credibility finding and proves her subjective complaints of pain,

since she focuses on explaining somatic disorders generally, as opposed to the specific evidence about her diagnosis. But here the ALJ considered Dr. Greer's evidence, and then declined to assess the severe limitation, and Melton fails to show this specific decision is unsupported by substantial evidence. The ALJ did not mischaracterize somatoform disorders, and so Melton's argument that the ALJ could not have fully understood and considered the impact of such a diagnosis, absent more significant evidence, is unwarranted.

Instead, it appears the ALJ noted that this single non-treating source assessed the somatoform disorder, but found that diagnosis was contradicted by the balance of the medical evidence available and declined to consider it a severe impairment. Melton again asks by implication for this court to reweigh the medical evidence and overturn the decision of the Commissioner as to conflicts in that evidence. For Melton to show the decision to exclude the somatic disorder as a severe impairment is reversible error, she must again show that no reasonable person could have made that finding. In a similar unpublished case, the court found as follows:

> An ALJ is not required to give subjective evidence precedence over objective evidence. *See Hollis v. Bowen*, 837 F.2d 1376, 1385 (5th Cir. 1988). Rather, the ALJ's evaluation of the credibility of an individual's complaints of pain is used to resolve conflicts between the subjective evidence and the medical evidence. *Id.* In this case, the record shows that the ALJ was aware that [the claimant] had many symptoms that could not be attributed to any particular syndrome and that there might be a psychological component to her symptoms. In addition, the ALJ discussed the fact that one psychiatrist had indicated that [the claimant] might be suffering from somatoform, .... Based on all the evidence, the ALJ determined that [the claimant] had, *inter alia*, the severe impairment of severe pain of an unknown origin as well as possible depression, which, arguably, takes into count the symptoms of [the claimant's] alleged somatoform disorder. The record is also clear that the ALJ ..., unlike in *Latham*, considered [the claimant's] mental impairment and findings from medical examinations as well as [the claimant's] own reports of her daily activities in determining that her subjective complaints were not credible to the extent that she claimed. Thus, the ALJ clearly indicated the credibility choices he made and the basis he used for making those choices. *See Hollis*,

> 837 F.2d at 1385; *see also* 20 C.F.R. § 404.1529; SSR 96-7p 1996 WL 374186.

*Corpany v. Colvin*, 2014 WL 1255316 (N.D. Tex. Mar. 26, 2014) (internal record citations and parentheticals omitted).

To show that the somatoform disorder should be characterized as a severe impairment, Melton must show that it would be expected to interfere with her ability to work. *See Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). However, Melton focuses her argument on asserting the somatoform disorder as an explanation for her reported pain, not on whether that pain would impair her ability to work. Even assuming *arguendo* she properly established the somatoform disorder caused pain such that it should have been considered a severe impairment, she makes no argument at all that classifying the somatoform disorder as severe would change any part of the ALJ's analysis. The ALJ explicitly stated he "considered all symptoms and the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence," based on the applicable legal standards. (Doc. 12-3, 25). Melton has failed to prove that the decision not to classify the somatoform disorder as a severe impairment is unsupported by substantial evidence.

Melton instead shows that a somatoform disorder may cause otherwise unexplainable pain, but does not prove that any reasonable person must find that diagnosis persuasive in her specific case, and therefore does not carry her burden. In the absence of a definitive showing that it is clear and prejudicial error to exclude the somatic disorder as a severe impairment, the ALJ's decision must stand, especially as Melton raises this alleged severe impairment only now. Melton has failed to show that substantial evidence does not support the ALJ's decision to not consider the potential somatoform disorder as a severe impairment, and has likewise failed to show that decision is the result of an incorrect legal standard.

## V. CONCLUSION

The ALJ's credibility determination and decision regarding the alleged somatoform disorder are supported by substantial evidence and the result of the correct legal standards. Therefore, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Melton's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated August __11__, 2017.

                                                   E. SCOTT FROST
                                                   UNITED STATES MAGISTRATE JUDGE